## No. 18,101.

HAZEL M. NOLAN *v.* COLORADO MORTGAGE CO.
(322 P. [2d] 98)

Decided February 3, 1958.    Rehearing denied March 10, 1958.

Mr. STANLEY CLARK JOHNSON, for plaintiff in error.

Mr. HOWARD ROEPNACK, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE HOLLAND delivered the opinion of the Court.

PLAINTIFF, on the 8th day of June, 1955, entered into an escrow agreement with defendant. On December 12, 1955, she filed an action for damages against defendant alleging gross negligence. Defendant answered, denying negligence and set up a cross complaint for foreclosure of a trust deed that plaintiff had executed to defendant.

Trial was had to the court. At the conclusion of plaintiff's evidence, defendant moved for dismissal on the ground that the evidence failed to show that defendant was grossly negligent or had violated the escrow agree-. ment. This motion was granted and judgment entered in favor of defendant for decree of foreclosure according to the prayer of the cross complaint.

Plaintiff, desiring to erect a dwelling house for her own use on some unimproved property in Jefferson

county, needed financial assistance therefor and applied to defendant for a loan of $6700, which added to $2500 advanced by plaintiff would equal the contemplated total cost for the completed structure. On application to defendant plaintiff was advised that she would have to submit a building contract, thereupon she had such a contract prepared, which she submitted to the president of defendant company, who read the agreement and directed that it be amended to the effect that the defendant company disburse the money instead of plaintiff, and further, that the agreement provide that the contractor should make request for payments as the work progressed, to defendant. These changes were made and acknowledged by plaintiff and the contractor. This building contract was marked and will be referred to as Exhibit A. The escrow agreement was then prepared by defendant company and it issued an escrow credit acknowledgement to plaintiff for $9200.

Work was commenced on the house shortly thereafter, and in August, plaintiff learned that the escrow fund had been paid out or reduced by defendant to approximately $2800. Upon learning this, plaintiff discussed the work progress and the payments with defendant company, which assured her that all was going well and "according to contract." In September, plaintiff was told by defendant that there was no need to worry.

Work stopped on the house in October of 1955, when it was approximately one-third complete and the escrow fund reduced to $27.94. This suit for gross negligence followed.

By its own instrument, Exhibit B, defendant undertook to act as the escrow depository and became in effect the trustee of an express trust, with duties to perform and was bound by the terms of the agreement, and in this case, the building contract, Exhibit A, became a part of and generally, a controlling factor in the escrow agreement, Exhibit B. Before defendant took any affirmative action, and before it negotiated the deed of

trust securing the loan of $6700, it required the existence of the building contract and thereupon the terms of this building contract became well known to defendant before it acted under the escrow agreement. Exhibit A, the building contract, was expressly amended at the request and direction of defendant, and one of the controlling features of the building contract was that defendant should pay the contractor in proportion to the amount of work completed up to $9200. This term and condition could have no other meaning than if the building was only one-third completed, then defendant was bound to not pay more than one-third of the amount escrowed.

It is erroneous for defendant to feel bound only by the specific wording of Exhibit B, the escrow agreement, because Exhibit B is based upon and supplemented by Exhibit A, which is the building contract and which was amended by defendant for its use and convenience. This being true, it is clear that the intention of the parties to that contract was that the terms and conditions of Exhibit A was to govern payments from the escrow fund.

In the face of the well-known terms and conditions of the building contract, defendant assumed the role of superintending the progress of the building and led plaintiff to believe that all was well and everything going along "according to contract," while at the same time knowing full well that the full amount of the escrowed money, namely, $9200 was being paid out and depleted with a building only partially or one-third completed. It is apparent that defendant, acting in the accepted position of trustee, has been grossly negligent in its handling of the escrow money, all to the damage and injury of plaintiff.

The trial court was in error in dismissing plaintiff's complaint. The cause is remanded for retrial on plaintiff's complaint; any amount found due plaintiff to be set-off against defendant's counterclaim. Foreclosure

proceedings to be held in abeyance pending determination of amount due plaintiff, if any.