## No. 18,787.

### COLORADO MORTGAGE CO. *v.* HAZEL M. NOLAN.

(347 P. [2d] 778)

Decided December 14, 1959.   Rehearing denied January 4, 1960.

Mr. HOWARD ROEPNACK, Mr. RAYMOND J. CODY, for plaintiff in error.

Mr. STANLEY CLARK JOHNSON, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE KNAUSS delivered the opinion of the Court.

THE parties to this writ of error are here in inverse

order of their appearance in the trial court. We shall refer to them as they there appeared, or by name.

This is the second time this case has been before this court. In the former proceeding a judgment of dismissal at the conclusion of plaintiff's evidence was reversed. *Nolan v. Colorado Mortgage Co.*, 137 Colo. 103, 322 P. (2d) 98. A second trial resulted in a judgment in favor of plaintiff for $4,300.00 and the defendant is here by writ of error seeking reversal.

The facts developed on the second trial were identical with those presented by the record of the first trial, and are adequately recited in *Nolan v. Colorado Mortgage Company,* supra, to which reference is made. It was there held that the defendant company "was bound to not pay [to the contractor] more than one-third of the amount escrowed" in the event the house to be erected with the escrow money was only one-third completed. On retrial it was conclusively shown that the defendant company had full knowledge and control of the escrow fund and well knew that it was being paid out and depleted with the building only partially completed.

Several witnesses were called by defendant company, none of whom testified to facts which satisfied the requirements of the contract obligation of the defendant company. Following reversal of the former action the trust deed executed by plaintiff in favor of defendant on the property was foreclosed so that now plaintiff has nothing to show for her investment.

By the agreement between the parties the defendant company was not authorized to pay out of the escrowed fund any amount exceeding the proportional value of the work completed on the house as it related to the total cost of the structure, $9,200.00, the sum for which the contractor obligated itself to complete and deliver the house to plaintiff.

The law in this case was definitely set forth in *Nolan v. Colorado Mortgage Company,* supra, where it was said that defendant company "acting in the accepted

position of trustee, had been grossly negligent in its handling of the escrow money, all to the damage and injury of the plaintiff." On retrial it was incumbent on defendant to show, if it could do so, that the terms of the escrow agreement had been substantially complied with. This it failed to do. When the house was one-fourth completed it could with propriety have paid out twenty-five per cent of the escrow fund to the contractor, and when fully completed it could have paid out the balance of the fund without incurring any liability under the contract. Without reference to this obligation it paid out the money and when the fund was exhausted the house was completed to the extent of only fifty to fifty-five per cent. It appears that when work ceased on the structure the doors, windows, floors, heating plant, and many other requirements of a completed dwelling had not been installed.

Perceiving no error in the record, the judgment is affirmed.